The Chancellor.
I think there is no ground for apprehension that the defendants have any design to lessen the security of the complainants by waste or improper cutting. The difficulty in the case has arisen, no doubt, from the fact that three hundred acres of the woodland has been burnt over, and the wood and timber standing thereon .greatly injured. The defendants say it .was their intention to cut off the wood and timber from this burnt district of three hundred acres ; and that it ought to be cut off, as well to prevent its loss by decay, as for the benefit of the property. I am not informed by the bill or answer how much wood the glass .works ordinarily use in a season ; nor of the value of the wood as it now stands on the burnt district; nor can I say with certainty that the residue of the property is sufficient to pay the mortgage.
If a large proportion in value of pine woodland mortgaged be burnt over, and it be proper, to save the wood and for the benefit of the land, that the burnt wood be cut off, the lands themselves being worth but little without wood on them, it would be right that the wood so burnt and .cut should be.applied towards paying the mortgage.
In the absence of more particular information, it seems to me it would be- safe for the court, regard being had to the rights .of the mortgagees, to avail itself of the suggestion of the defendants Townsend and Cooper, so far as to direct security to be given by them for an amount equal to the value of the burnt wood which they propose to cut. To that end a.reference will be ordered to ascertain the value.
Order accordingly.